UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS P. POWERS,<br>   Plaintiff,<br><br>  v.<br><br>COIL TRAN, LLC d/b/a Hobart Electronics,<br>LLC, an Indiana limited liability company,<br>*et al.*,<br>   Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 2:23-CV-86-JVB-JEM<br>)<br>)<br>)<br>)<br>) |

## **OPINION AND ORDER**

This matter is before the Court on Defendants Coil Tran LLC d/b/a Hobart Electronics, LLC, CBR Management Services, Inc. d/b/a Creative Business Resources, and Noratel North America, LLC f/k/a Noratel North America, Inc.'s Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint [DE 19], filed on June 28, 2023. Plaintiff Thomas Powers filed his response on July 19, 2023, and Defendants filed their reply on August 2, 2023. Defendant Noratel Canada, Inc. requested leave to join the motion to dismiss on August 8, 2023 [DE 35]. Noratel's request is unopposed and the Court grants leave to join. For the reasons below, the Court grants the motion to dismiss and dismisses Counts III, IV, and V of the complaint.

## **PROCEDURAL BACKGROUND**

On November 15, 2023, Thomas P. Powers filed his complaint against the Defendants claiming that termination of his employment was wrongful, and asserting claims of, amongst others, common law retaliatory discharge (Count III), breach of contract (Count IV), and promissory estoppel (Count V). Defendants moved, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), to dismiss those three counts arguing that Powers has failed to state a claim upon which relief may be granted. The motion to dismiss is now ripe for ruling.

In the complaint, Powers alleges the following. Hobart Electronics employed Powers for over 40 years, and he had been a sales manager since 1983. In 2016, Powers received a serious back injury from an automobile accident that left him with chronic pain, for which he was prescribed opioid pain medicine. In 2021, Hobart Electronics advised Powers that he would be required to participate in an employee assistance program (EAP) and stop using his prescribed opioids to keep his job. Powers and Hobart Electronics signed a Last Chance Document (LCD) with conditions necessary for Powers to keep his job.

Powers attached the LCD to his complaint. The LCD notes Powers "admitted to having a dependency of Opioids," which the LCD states "has affected [Powers's] work performance." (Compl. Ex. A, ECF No. 1). The LCD indicates that Defendants were giving Powers "a final opportunity, as a condition of continued employment." *Id.* The LCD lists six conditions that Powers was required to comply with in order to retain his employment. *Id.* The conditions, per the LCD, would remain in effect for a period of two years, and non-compliance would result in termination of Powers's employment. The LCD clarified: "However, this is not to be construed as a guarantee of employment and does not alter your status as an 'at-will' employee." *Id.*

**MOTION TO DISMISS STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a

2

court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

The standard has three requirements. "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ANALYSIS

### A.  Common Law Retaliatory Discharge

Defendants argue that Powers's claim for retaliatory discharge fails to state a cause of action because Indiana is an at-will employment jurisdiction, and Powers has available remedies for the alleged discriminatory and retaliatory acts at issue. Powers argues that an employer should not be permitted to retaliate against an employee exercising the right to medical choice. Powers draws a parallel to the workers' compensation setting, where an employer cannot retaliate against an employee for exercising the right to seek benefits.

The Court, sitting in diversity for this claim, follows the substantive law of Indiana and the procedural law of the federal system. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Where an issue of state substantive law has not been decided by the Indiana Supreme Court, the federal court must predict how the Indiana Supreme Court would rule. *Andy Mohr Truck Ctr., Inc. v. Volvo*

3

*Trucks N. Am.*, 869 F.3d 598, 605 (7th Cir. 2017). The Court has not found (and no party has identified) an Indiana Supreme Court case considering whether there should be a public policy exception to at-will employment when an employee is discharged for exercising medical choice.

Indiana recognizes a public policy exception to at-will employment "if a clear statutory expression of a right or duty is contravened." *Coutee v. Lafayette Neighborhood Housing Servs., Inc.*, 792 N.E.2d 907, 911 (Ind. Ct. App. 2003). "[T]he vast body of Indiana law consistently has upheld the vitality of the employment-at-will doctrine, the narrowness of any public policy exception, and the conviction that revision of the long-standing at-will doctrine is best left to the Indiana legislature." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 503 (7th Cir. 1999). Indiana recognizes public policy exceptions to at-will employment and allowed retaliatory discharge claims where a discharge results from filing a worker's compensation claim or from refusing to commit an illegal act for which the employee would be personally liable. *Id.*

Powers names "[t]he right to choose one's physician and course of treatment, and the right to bodily integrity" as his contravened right. (Resp. at 9, ECF No. 24). In support of Indiana recognizing this right, Powers identifies *Van Sice v. Sentany*, 595 N.E.2d 264 (Ind. Ct. App. 1992), and Indiana Code § 16-36-1-9(a). *Van Sice* is a medical malpractice case involving the issue of informed consent, and § 16-36-1-9(a) indicates how a person can disqualify others from consenting to health care for the person. Neither of these authorities are the clear statement of the right Powers maintains is at issue. The dispute before the Court is not about informed consent, nor is it the case that Defendants provided consent to health care treatment for Powers.

The Americans with Disabilities Act (ADA) addresses situations where an employee is discriminated against by their employer because of the employee's medical impairment (whether real or believed to be real by the employer). In the LCD, Powers agreed that he had an opioid

4

dependency resulting from chronic pain due to an automobile accident injury. (Compl. Ex. A, ECF No. 1). This dependency, and Defendants' belief that it negatively impacted Powers's professional life, led to the LCD. Powers alleges that he was discharged from employment due, at least in part, to his use of prescription medication.

Because Indiana is reticent to find new public policy exceptions to at-will employment, because the right Powers identifies is not well-supported by the authorities cited, and because the ADA provides a comprehensive remedial framework in which claims regarding discrimination against disabilities can be litigated, the Court finds that Indiana would not find a new public policy exception to cover claims of discharge for exercise of the right of medical choice.

Therefore, the Court dismisses this claim.

### B. Breach of Contract

Defendants assert that Powers's breach of contract claim fails because the LCD is not a contract, and, even if it is, there was no independent consideration to defeat the adequate consideration exception to the at will employment doctrine. Powers, on the other hand, maintains that the LCD is a contract supported by adequate consideration and that Defendant breached the LCD's terms.

To state a claim under Indiana law for breach of contract, three elements are needed: the existence of a contract, the defendant's breach of that contract, and damages. *McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884, 894 (Ind. Ct. App. 2007). "The existence of a valid contract depends upon mutuality of obligation, i.e., there can be no contract unless both parties are bound." *Id.* (quoting *Marksill Specialties, Inc. v. Barger*, 428 N.E.2d 65, 69 (Ind. Ct. App. 1981)).

In Indiana, the interpretation and construction of contract provisions are questions of law for courts to decide. *Neal v. Purdue Fed. Credit Union*, 201 N.E.3d 253, 261 (Ind. Ct. App. 2022).

In interpreting unambiguous contract language, courts give effect to the parties' intentions as expressed in the four corners of the document. *Franciscan All. Inc. v. Metzman*, 192 N.E.3d 957, 963 (Ind. Ct. App. 2022). The unambiguous terms are given their plain and ordinary meaning. *Neal*, 201 N.E.3d at 261.

Powers argues that the LCD imposes obligations on both him and Defendants. He asserts that he agreed to participate in a treatment program at his own expense, scheduling treatment during nonworking hours when possible. The Court assumes without deciding that the LCD places sufficient obligation on Powers. Powers also maintains that Defendants "agreed not to fire him for certain *specific* reasons: those set forth in the LCD agreement" and "agreed to refrain from firing him for those specific reasons for the duration of the LCD agreement." (Resp. at 3, ECF No. 24).

However, the LCD does not contain any such agreement by Defendants. The LCD states that "[i]f you do not comply with any one of these conditions, [then] your employment will be terminated." (Compl. Ex. A, ECF No. 1). This is not the logical equivalent to a statement that "if you do comply with these conditions, then your employment will continue."[1] The LCD goes one step further to clarify the matter: "this is not to be construed as a guarantee of employment and does not alter your status as an 'at-will' employee." *Id.* The LCD explains what will happen if Powers does not comply with its terms: he will lose his employment. The LCD is silent as to what will happen if Powers does comply. Defendants are not bound by the LCD. There is no consideration, and thus the LCD is not a contract. This dooms Powers's breach of contract claim.

Even if the Court were to find a contract, Powers has not identified a breach of the LCD. Though Powers asserts that Defendants agreed to treat Powers according to the terms of the LCD

---

[1] The logic of this can be seen through the following example. "If an animal is a spider, then it is an arachnid" does not logically equal the statement that "if an animal is not a spider, then it is not an arachnid." A tick is not a spider, but it is an arachnid.

agreement and breached those terms, he is incorrect. The Court will briefly explain why the items Powers identifies are not breaches.

Powers argues that one reason given for his firing was that he transferred from a full-residential to a partial-residential treatment program. This does not breach any term of the LCD. That is, the LCD does not stipulate that Defendants will not fire Powers if he switches to a partial-residential treatment program. As discussed above, the LCD only contemplates what happens to Powers's employment if he does not comply with the LCD's conditions. It does not explain what happens to his employment if he complies, and the LCD explicitly notes that he remains an at-will employee.

Powers also insists that Defendants failed to provide contact information (and provided some incorrect information) for the EAP, with whom Powers was required to consult within one week from the LCD's signing. This also does not run counter to any term of the LCD. The LCD does not place a burden on Defendants to provide EAP information to Powers.

Finally, Powers argues that he is protected by the adequate independent consideration exception to at-will employment. Examples of adequate independent consideration are

> when the employer is aware that the employee had a position with assured permanency and the employee accepted the new position only after receiving assurances guaranteeing similar permanency, or when the employee entered into a settlement agreement releasing the employer from liability on an employment related claim against the employer.

*Baker v. Tremco Inc.*, 917 N.E.2d 650, 654 (Ind. 2009). Powers states that the requirement that he pay for the treatment program is "adequate consideration." (Resp. at 3, ECF No. 24). To the extent Powers is trying to apply the adequate independent consideration exception, the exception does not apply here. The cost of the treatment program is not tied to any form of assurance of continued employment, and the LCD specifically states that Powers remains an at-will employee.

Accordingly, because the LCD is not a contract, there can be no breach of contract. The Court dismisses Powers's claim for breach of contract.

### C. Promissory Estoppel

In Indiana, the elements of promissory estoppel are: (1) the employer made a promise to the employee; (2) the employee relied upon that promise to their detriment; and (3) the promise is of the sort of promise which fits within the Restatement (Second) of Contracts. *McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884, 895 (Ind. Ct. App. 2007) (citing *Orr v. Westminster Village North, Inc.*, 689 N.E.2d 712 (Ind. 1997).

Defendants argue that the promissory estoppel claim fails to state a cause of action because the LCD does not contain a promise Powers could have relied on, and any promise he alleges was made is not linked to any reliance or action on his part.

Powers counters that Defendants promised Powers that they would not fire him for his use of prescription drugs if he participated in an EAP. However, the paragraphs of his complaint that he cites in support (along with the LCD, which Powers also cites) only indicate that Powers would lose his job if he did not comply with the terms of the LCD, including the term regarding the EAP. There is no allegation in the complaint of a promise to refrain from terminating Powers's at-will employment. Instead, the statement by Defendants is that Powers would not remain employed if he did not comply with the terms of the LCD. This is silent as to what would happen to Powers's employment if Powers did comply. Simply put, the "promise" that Powers says he relied on does not exist.

The Court dismisses the promissory estoppel claim.

## CONCLUSION

Based on the above, the Court hereby **GRANTS** Defendants Coil Tran LLC d/b/a Hobart Electronics, LLC, CBR Management Services, Inc. d/b/a Creative Business Resources, and Noratel North America, LLC f/k/a Noratel North America, Inc.'s Motion to Dismiss Counts III, IV, and V of Plaintiff's Complaint [DE 19].

The Court hereby **DISMISSES** Counts III, IV, and V of the Complaint [DE 1].

SO ORDERED on February 13, 2024.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN, JUDGE
> UNITED STATES DISTRICT COURT